# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | |
|---|---|
| CLAYTON CHERRY, <br><br> Plaintiff, <br><br> v. <br><br> RATP DEV USA LLC AND TRANSDEV SERVICES, INC., <br><br> Defendants. | Civil Action No. 5:25-cv-00276-FL <br><br> **DEFENDANT TRANSDEV SERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** |

Defendant Transdev Services, Inc. ("Transdev"), by and through its undersigned counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or, alternatively, Rule 56 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 7.2, hereby submits this Memorandum of Law in Support of its Motion for Judgment on the Pleadings, or, in the alternative, Motion for Summary Judgment (the "Motion"). In support of its Motion, Transdev states as follows:

## I.    INTRODUCTION

This action arises out of Plaintiff's former employment with Transdev in Raleigh, North Carolina. Plaintiff alleges that he is African American, and during his employment with Transdev, he complained regarding the alleged use of racial slurs by the General Manager. Plaintiff further alleges that in retaliation for his complaint, he was terminated from Transdev for the fabricated reason that he was stealing time. Pursuant to these allegations, Plaintiff alleges that Transdev discriminated against him and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

Plaintiff's claims against Transdev must be dismissed in their entirety as time-barred, however, because Plaintiff did not timely file a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). As discussed in greater detail below, Transdev respectfully requests that this Court grant its Motion and dismiss Plaintiff's claims against Transdev in their entirety, with prejudice.

## II.      FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff is African American. (ECF No. 1 ("Compl."), ¶ 22.) Transdev operated the GoRaleigh transportation system and employed Cherry beginning in approximately May 2018. (*Id*. at ¶¶ 23-25.) Plaintiff alleges that during his employment with Transdev, specifically in or around December 2022, he reported the use of racial slurs by the General Manager, who was also African American. (*Id*. at ¶¶ 26-24.) On or around February 2, 2023, Transdev terminated Plaintiff with the stated reason being that Plaintiff was stealing time. (*Id*. at ¶¶ 37-38.)

Plaintiff alleges that the General Manager fabricated the reason given for Plaintiff's termination, and he was in fact terminated because of his race and in retaliation for his report of the use of racial slurs. (Compl. ¶¶ 39-42.) In Plaintiff's Complaint, which was filed in this Court on May 23, 2025, he asserts claims against Transdev for race discrimination and retaliation in violation of Title VII. (*Id*. at ¶¶ 108-128.)

While Plaintiff generally alleges in his Complaint that "[w]ithin 180 days of the conduct alleged below, Cherry filed a Charge of Discrimination with the EEOC, Charge No. 433-2024-02160 against Transdev…", he fails to identify the specific date upon which his Charge was filed. (Compl. ¶ 16.) Pursuant to Plaintiff's Charge of Discrimination, a true and correct copy of which

---

[1] Plaintiff's allegations set forth in his Complaint are accepted as true for purposes of this Motion only. Transdev reserves the right to and does dispute Plaintiff's allegations, as set forth in its Answer to Plaintiff's Complaint (ECF No. 11).

is attached as **<u>Exhibit A</u>**, his Charge was filed on February 23, 2024. Transdev received a Notice from the EEOC relating to Plaintiff's Charge of Discrimination on April 21, 2024, a true and correct copy of which is attached as **<u>Exhibit B</u>**.

Thus, contrary to Plaintiff's allegation that his Charge against Transdev was filed within 180 days of the conduct alleged in his Complaint, Plaintiff's Charge was not filed until 386 days after his termination from Transdev. As such, Plaintiff's Complaint must be dismissed with prejudice in its entirety, due to the untimely filing of his Charge of Discrimination with the EEOC.

## III. STANDARD OF REVIEW

### A. Standard under Fed. R. Civ. P. 12(c)

A court should grant a party's motion for judgment on the pleadings "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Elsayed v. Family Fare, LLC*, 2020 WL 780701, at *2 (M.D.N.C. Feb. 18, 2020) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999) (internal quotations omitted)). Stated differently, a court ruling on a motion filed pursuant to Rule 12(c) applies the same standard it would apply to a motion pursuant Rule 12(b)(6). *See Hardy v. Lewis Gale Medical Center, LLC*, 377 F.Supp.3d 596, 604-605 (W.D. Va. 2019) (citing *PETA v. U.S. Dep't of Agric.*, 861 F.3d 502, 506 (4th Cir. 2017)).

### B. Standard under Fed. R. Civ. P. 56

"If, on a motion under… Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is appropriate if "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007) (citations omitted). If no material factual disputes exist, summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex*, 477 U.S. at 322.

On summary judgment, all evidence should be viewed in the light most favorable to the non-moving party. *See Pittman v. Nelms*, 87 F.3d 116, 118 (4th Cir. 1996). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48 (1986). Wholly speculative assertions and subjective beliefs cannot create a genuine issue of fact. *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 135 (4th Cir. 2002); *see also Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985) (stating a party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."). Conclusory or speculative allegations likewise do not suffice to defeat summary judgment, nor does a mere scintilla of evidence in support of Plaintiff's case. *See Thompson v. Potomac Elec. Power. Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Rather, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993); *De Leon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1223 n.7 (4th Cir. 1989).

## IV. LAW AND ARGUMENT

### A. Plaintiff's EEOC Charge Was Untimely and Therefore His Claims Must Be Dismissed as a Matter of Law.

All of Plaintiff's claims against Transdev are time-barred because Plaintiff failed to file a timely Charge with the EEOC regarding Transdev's alleged unlawful discrimination and retaliation against him. A plaintiff alleging Title VII claims must file a charge of discrimination with the EEOC no later than 180 days after the adverse employment action at issue. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-15 (2002); *Innocenti v. Wakemed*, No. 5:18-CV-90-FL, 2019 WL 3683606, at *2 (E.D.N.C. Aug. 6, 2019) (citing 42 U.S.C. § 2000e-5(e)(1); *Belton v. City of Charlotte*, 175 Fed. Appx. 641, 654 (4th Cir. 2006); *Bratcher v. Pharm. Prod. Dev., Inc.*, 545 F. Supp. 2d 533, 543 (E.D.N.C. 2008); *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 598 (M.D.N.C. 2005)). Thus, any claim based on alleged discrimination that occurred more than 180 days before the Charge filing date is untimely as a matter of law and must be dismissed. *Raynor v. G4S Secure Solutions (USA) Inc.*, 283 F. Supp. 3d 458, 465 (W.D.N.C. 2017) (dismissing claims based on adverse employment actions occurring more than 180 days prior to plaintiff's EEOC charge as untimely and thus not actionable).

Failing to timely file a charge with the EEOC constitutes a dispositive defect of the filing party's "procedural obligations." *See Fort Bend County, Texas v. Davis*, 587 U.S. 541, 551 (2019) (quoting *EPA v. EME Homer City Generation, L. P.*, 572 U.S. 489, 512 (2014)) (internal quotations omitted); *see also Johnson v. Novant Health Brunswick Medical Center*, No. 7:19-CV-155-BO, 2021 WL 3686239, at *2 (E.D.N.C. Aug. 19, 2021) (stating that the 180-day period imposes a "mandatory deadline" that "bars any claim not filed within the time limit, even if it is only one day late") (collecting cases); *Lunn v. Clerk of Circuit Court for Baltimore City*, No. CV CCB-19-729, 2020 WL 1034070, at *4 (D. Md. Mar. 3, 2020) (noting that while the Supreme Court has held

that Title VII's charge filing requirement was "not of a jurisdictional cast, ... the charge filing rule is mandatory, and a plaintiff's failure to exhaust administrative remedies thus justifies a claim's dismissal") (internal citations omitted).

Here, Plaintiff alleges that his employment with Transdev was terminated on or about February 2, 2023.  (Compl. ¶ 37.)  As a result, Plaintiff was obligated to file his EEOC Charge no later than August 1, 2023 (*i.e.*, 180 days from February 2, 2023).  However, Plaintiff did not file his EEOC Charge until February 23, 2024, over six months after his deadline had expired.  (*See* Ex. A).[2]  Thus, due to this fatal procedural defect, Plaintiff's Title VII claims against Transdev cannot survive, and judgment on the pleadings is warranted regarding Plaintiff's claims against Transdev.  *See Little v. Hook Tire & Serv., Inc.*, No. 3:13-CV-00521-FDW, 2014 WL 991967, at *2 (W.D.N.C. Mar. 13, 2014), *aff'd*, 585 F. App'x 50 (4th Cir. 2014) (granting defendant's motion for judgment on the pleadings due to plaintiff's failure to timely file EEOC Charge).

## V. CONCLUSION

Because Plaintiff failed to timely file a Charge of Discrimination with the EEOC, his Title VII claims against Defendant must be dismissed, with prejudice.

*(Signature Page Follows)*

---

[2] The Court may consider the uncontested contents of the EEOC Charge in deciding a defendant's motion to dismiss Title VII claims. *See CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) ("[C]ourts may consider a document that the defendant attaches to its motion to dismiss if the document was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity."); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *see also Cason v. Thermo Fisher Scientific*, No. 5:22-cv-00013, 2022 WL 10146542, at *2 (W.D. Va. Oct. 17, 2022) ("In ruling on a motion to dismiss, a court may consider documents referenced by a plaintiff in the complaint and attached to a motion to dismiss, such as a right-to-sue letter from the EEOC, without converting a motion to dismiss into a summary judgment motion."). Here, Plaintiff explicitly refers to the EEOC Charge in his Complaint, and cannot legitimately question the authenticity of the date of its submission.

Respectfully submitted this the 17th day of September, 2025.

/s/ Matthew Brown

Matthew Brown, Bar No. 53001
mabrown@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone:   704.972.7000
Facsimile:    704.333.4005

*Attorneys for Defendant Transdev Services, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | |
|---|---|
| CLAYTON CHERRY, | Civil Action No. 5:25-cv-00276-FL |
| Plaintiff, | |
| v. | **WORD COUNT COMPLIANCE CERTIFICATE** |
| RATP DEV USA LLC AND TRANSDEV SERVICES, INC., | |
| Defendants. | |

I, Matthew S. Brown, certify that Defendant Transdev Services, Inc.'s Memorandum of Law in Support of its Motion for Judgment on the Pleadings, or, in the Alternative, Motion for Summary Judgment complies with the word limitation as prescribed by Local Rule 7.2(f)(3). This brief does not exceed 8,400 words, exclusive of the caption, signature lines, certificate of service, any cover page or index, and this certificate.

*/s/ Matthew Brown*

Matthew Brown, Bar No. 53001
mabrown@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone: 704.972.7000
Facsimile: 704.333.4005

*Attorneys for Defendant Transdev Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants in this case:

Evan Gungor
SPITZ, THE EMPLOYEE'S LAW FIRM
5540 Centerview Drive, Suite 200B
Raleigh, NC 27606
Telephone: (980) 332-4688
Facsimile: (216) 291-5744
Email: evan.gungor@spitzlawfirm.com

*Attorneys for Plaintiff*

Aaron Chang
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
One West 4th Street, Suite 850
Winston-Salem, NC 27101
Telephone: (336) 721-6841
Facsimile: (336) 748-9112
Email: achang@constangy.com

*Attorneys for Defendant RATP Dev USA, LLC*

/s/ Matthew S. Brown
Matthew S. Brown, Bar No. 53001
mabrown@littler.com
LITTLER MENDELSON P.C.
620 South Tryon St, Suite 950
Charlotte, NC  28202
Telephone:    704.972.7000
Facsimile:    704.333.4005

*Attorneys for Defendant Transdev Services, Inc.*