IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO: 5:25-CV-00276-FL

| | | |
|---|---|---|
| CLAYTON CHERRY, | ) | **PLAINTIFF'S BRIEF IN** |
| | ) | **OPPOSITION TO DEFENDANT'S** |
| Plaintiff, | ) | **MOTION FOR JUDGEMENT ON** |
| | ) | **THE PLEADINGS OR IN THE** |
| v. | ) | **ALTENATIVE MOTION FOR** |
| | ) | **SUMMARY JUDGEMENT, AND** |
| RATPDEV USA LLC, et al. | ) | **DEFENDANT'S MOTION TO** |
| | ) | **STAY** |
| Defendants. | ) | |

## I.   INTRODUCTION

This brief is offered, not truly in opposition to Defendant TransDev Services Inc.'s Motion, but rather to clarify what claims that Plaintiff Clayton Cherry is bringing. Cherry is bringing claims based on the grounds that Defendant TransDev Services Inc. ("TransDev" or "Defendant") engaged in post-employment discrimination and retaliation against Cherry in violation of Title VII by engaging in conduct to have Cherry terminated from his position at co-Defendant RATP Dev USA, LLC ("co-Defendant" or "RATP Dev"). Defendant's Motion is based on the mistaken grounds that Cherry is only bringing claims for his original termination from TransDev Services Inc. Both the Supreme Court and the Fourth Circuit have clearly stated that an employer may be liable for discrimination and retaliation that occurs after the termination of the employment relationship. Cherry has properly plead that Defendant TransDev Services, Inc. engaged in discriminatory and retaliatory conduct after his employment, which caused his subsequent employer to terminate Cherry's employment. Therefore, Plaintiff Clayton Cherry respectfully requests that this Honorable Court deny Defendant's Motion for Judgement on the Pleadings or in the Alternative Motion for Summary Judgement, and deny Defendant's Motion to Stay as moot.

## II.  FACTS

Cherry is an African American former employee of TransDev who worked in the GoRaleigh system. ECF 1, ¶¶ 22-25. While working for TransDev, Cherry reported to Fulton Bryant, TransDev's General Manager, who is also African American. ECF 1, ¶¶ 26-29. While working for TransDev, Cherry observed Bryant using various racial slurs, including the N word, and expressing overt disdain for African Americans by making statements such as "You can't trust n*ggers*, like you when you say you didn't do too much [over the weekend]." ECF 1, ¶¶ 30-31. Cherry reported Bryant's racial slurs to TransDev in or around December 2022, and was fired because of his race and his report of discrimination on or about February 2, 2023. ECF 1, ¶¶ 32-42. TransDev's pretextual reason for terminating Cherry's employment was that he was stealing time, despite Cherry not stealing time. ECF 1, ¶¶ 38-39. TransDev's discrimination against Cherry on the basis of his race is illustrated by Cherry's replacement, who is Caucasian and who was paid approximately $24,000 more than Cherry was, despite having equal qualifications. ECF 1, ¶¶ 43-48.

After being fired from TransDev, Cherry gained employment at RATP Dev who took over the GoRaleigh system. ECF 1, ¶¶ 51-52. At RATP Dev. Cherry was directly supervised by William Law, RATP Dev's general manager, who is Caucasian. ECF 1, ¶¶ 57-59. Cherry was assigned to work in the same location as he used to work for TransDev. ECF 1, ¶¶ 54. While Cherry was working for RATP Dev, Bryant witnessed Cherry working. ECF 1, ¶¶ 55. After witnessing Cherry working for RATP Dev, Bryant began to attempt to get Cherry fired from RATP Dev by having employees file ethics complaints against RATP Dev purportedly because of Cherry, and calling Law to attempt to have Cherry fired. ECF 1, ¶¶ 56-57, 61. Initially, Bryant was only partially successful as he convinced Law to remove some of Cherry's core job responsibilities, including scheduling. ECF 1, ¶¶ 67.

After Bryant was unsuccessful in getting RATP Dev to terminate Cherry's employment, Bryant began to have his Godchild's grandmother, Catherine Worthum who worked for RATP Dev, keep an eye out to try to get Cherry fired from RATP Dev. ECF 1, ¶¶ 70-74. On or about November 10, 2023, Worthum falsely reported that Cherry had not attended work. ECF 1, ¶¶ 87-88. Cherry was actually at his desk for the time Worthum reported Cherry as not at work. ECF 1, ¶¶ 89. Cherry reported Worthum's false report as discrimination and retaliation to Law on or about November 15, 2023. ECF 1, ¶¶ 93-96. Approximately one week after Cherry's report against Worthum, RATP Dev placed Cherry on a PIP. ECF 1, ¶¶ 98. On or about November 27, 2023, RATP Dev terminated Cherry. ECF 1, ¶¶ 99. TransDev directly caused RATP Dev to terminate Cherry's employment for discriminatory and retaliatory reasons. ECF 1, ¶¶ 115, 125-126.

After Cherry was terminated from RATP Dev, Cherry filed a charge on February 23, 2024. ECF 21, Exhib. A. February 23, 2024, is 105 days from Worthum's false report, and 88 days from the date that TransDev was finally successful in using RATP Dev to terminate Cherry's employment.

### III.   LEGAL STANDARD

### A.  Under Fed. R. Civ. P. 12(c)

A court should grant a party's motion for judgment on the pleadings "if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Elsayed v. Family Fare, LLC*, 2020 WL 780701, at *2 (M.D.N.C. Feb. 18, 2020) (*quoting Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999) (internal quotations omitted)). Stated differently, a court ruling on a motion filed pursuant to Rule 12(c) applies the same standard it would apply to a motion pursuant Rule 12(b)(6). *See Hardy v.*

*Lewis Gale Medical Center*, LLC, 377 F.Supp.3d 596, 604-605 (W.D. Va. 2019) (*citing PETA v. U.S. Dep't of Agric.*, 861 F.3d 502, 506 (4th Cir. 2017)).

To survive a 12(b)(6) motion, a complaint need only state a plausible claim for relief by pleading factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 554,556 (2007)). A complaint need not contain detailed factual recitations, but must provide the defendant "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hopper v. State of North Carolina, et. al.*, 379 F.Supp.2d 804, 811 (N.C.M.D 2005) (*citing Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court must construe all allegations in favor of the plaintiff. *See Mylan Labs. Inc. v. Matkari,* 7 F.3d 1130. 1134 (4th Cir. 1993).

### B.  Under Fed. R. Civ. P. 56

Under Rule 12(d), if matters "outside the pleadings are presented to and not excluded by the court [for a Rule 12(b)(6) motion], the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). It is not appropriate for a court to convert a motion to dismiss into a motion for summary judgment "when the parties have not had an opportunity to conduct reasonable discovery." *Halscott Megaro, P.A. v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (*quoting Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015)); *see also* Fed. R. Civ. P. 12(b), 12(d), and 56. Courts instead focus their inquiry on the sufficiency of the facts relied upon by the plaintiffs in the complaint. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). Consideration of a document attached to a motion to dismiss ordinarily is permitted only when the document is "integral to and explicitly relied on in the complaint," and when "the plaintiffs

do not challenge [the document's] authenticity." *Am. Chiropractic Ass'n*, 367 F.3d at 234. *(quoting Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir.1999)).

On summary judgment, all evidence should be viewed in the light most favorable to the non-moving party. *See Pittman v. Nelms*, 87 F.3d 116, 118 (4th Cir. 1996). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

## IV.   <u>ARGUMENT</u>

### C.  Cherry has Timely Exhausted His Administrative Remedies as to TransDev's Post-Employment Discrimination and Retaliation.

Congress enacted the anti-retaliation clause [of Title VII] to shield an employee from employer retaliation following the employee's attempt to challenge discriminatory conduct. *See Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 175 (2d Cir. 2005) (*citing Robinson v. Shell Oil Co.*, 519 U.S. 337, 346, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997)). These protections extend to retaliation that occurs after the employment relationship has ended. *Robinson,* 519 U.S. 337, 346, 117 S. Ct. 843, 849 (1997)("We hold that former employees are included within § 704(a)'s coverage").

Title VII also makes it an unlawful employment practice for an employer "to discriminate against any individual" on the basis of membership in a protected class. 42 U.S.C. § 2000e–2(a)(1). An "individual" includes a former employee. *Gerner v. County of Chesterfield, Va.*, 674 F.3d 264, 268 (4th Cir. 2012)("To limit actionabl[e] adverse employment actions to those taken while an individual is currently employed would be inconsistent with the statutory text and Title VII's 'principal goal' of 'eliminat[ing] discrimination in employment.')(*citing EEOC v. Firestone Fibers & Textiles Co.*, 515

F.3d 307, 313 (4th Cir.2008) (*quoting Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 71 n. 6, 97 S. Ct. 2264, 53 L.Ed.2d 113 (1977)).

Here, the only issue is whether Cherry properly exhausted his administrative remedies. TransDev has not pointed to any facts or law to address Cherry's claims for post-employment discrimination or retaliation. Cherry has alleged that he has suffered post employment discrimination and retaliation. Cherry's allegations state that TransDev engaged in a series of conduct in particular asking RATP Dev to terminate Cherry's employment, and having a close relation of Bryant's fabricate false reports to get RATP Dev to terminate Cherry's employment. TransDev succeeded in getting Cherry's employment on November 27. 2023. On its face, Cherry's charge covers TransDev's conduct leading to RATP Dev's termination of Cherry's employment.

In essence, TransDev used RATP Dev as it's Cat's Paw to effectuate it's discrimination and retaliation. Cat's Paw "refers to 'one used by another to accomplish his purposes.' In the employment discrimination context, 'cat's paw' refers to a situation in which a biased subordinate, who lacks decision making power, uses the formal decisionmaker as a dupe in a deliberate scheme to trigger a discriminatory employment action." *EEOC v. BCI Coca-Cola Bottling Co. of Los Angeles*, 450 F.3d 476, 484 (10th Cir. 2006)(citations omitted). Here, TransDev used RATP Dev to cause the termination of Cherry's employment. Because the actions that TransDev took to cause RATP Dev to terminate Cherry's employment occurred within 180 days of Cherry's charge with the EEOC, Cherry properly exhausted his administrative remedies.

**D. TransDev's Motion to Stay is Moot because Cherry Timely Exhausted his Administrative Remedies.**

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") Courts weigh competing interests and seek to maintain balance when deciding on a motion to stay proceedings. *Amdur v. Lizars*, 372 F.2d 103, 106 (4th Cir. 1967). The Court should consider various factors "including inconvenience, loss of time, expense, judicial economy, the hardship and inequity on the moving party if the case is not stayed, and the potential prejudice on the non-moving party if the case is stayed." *Middlesex Ins. Co. v. Doyle Dickerson Terrazzo, Inc.*, No. 3:19-cv-00492-GCM, 2021 WL 3667124, at *3 (W.D.N.C Aug. 18, 2021).

Here, there is no contest of facts or law for the Court to resolve. TransDev only points to the original termination as the reason that Cherry's complaint should be dismissed, for which Cherry is not actually bringing claims. Instead, Cherry properly alleged post-employment discrimination and retaliation. There is no interest in prohibiting a claim from proceeding when there is no contest as to whether that claim may proceed. The only effect of staying Cherry's case is to delay litigation and has the effect of unnecessarily prolonging the litigation process and further draining limited judicial resources. In addition, any additional time passing only weakens the memories of all parties involved. There is no prejudice to either party because there is no true disagreement. Cherry's claims are for post-employment retaliation which on its face has been exhausted by his charge. The Court should deny TransDev's Motion to Stay the case as moot.

## V. CONCLUSION

WHEREFORE, for the foregoing reasons Plaintiff Clayton Cherry respectfully requests that this Court DENY Defendant's Motion for Judgement on the Pleadings or in the alternative Motion for Summary Judgement, in its entirety and Defendant's Motion to Stay as moot.

Respectfully submitted,


/s/ Evan Gungor
Evan Gungor (60902)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
5540 Centerview Drive
Suite 200B
Raleigh, NC 27606
Phone: (216) 291-4744
Fax: (216) 291-5744
evan.gungor@spitzlawfirm.com

*Attorney for Plaintiff*
*Clayton Cherry*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on October 6, 2025 a copy of the foregoing was served via the Court's Online Filing System to all parties.

/s/ *Evan G. Gungor, Esq.*

Evan G. Gungor, Esq. (60902)
**SPITZ, THE EMPLOYEE'S LAW FIRM**