# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

| | |
|---|---|
| CLAYTON CHERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>RATP DEV USA LLC AND TRANSDEV SERVICES, INC.,<br><br>    Defendants. | Civil Action No. 5:25-cv-00276-FL<br><br>**DEFENDANT TRANSDEV SERVICES, INC.'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, AND MOTION TO STAY** |

Defendant Transdev Services, Inc. ("Transdev") respectfully submits this Reply in further support of its Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment, and its Motion to Stay.

## I.    INTRODUCTION

Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII") are time-barred and legally deficient. Plaintiff concedes that his claims based on his employment with and termination from Transdev are untimely. He now attempts to reframe his claims as arising from alleged post-employment conduct. However, Title VII does not support claims for discrimination based solely on post-employment actions, and Plaintiff's retaliation theory is both factually and legally unsupported. Plaintiff's claims against Transdev should therefore be summarily dismissed.

## II.    LEGAL ARGUMENTS

### A.    Plaintiff Concedes His Claims Based on His Employment with and Termination from Transdev Are Time-Barred.

Plaintiff admits that he did not file a Charge of Discrimination with the EEOC within the required 180-day period following his February 2, 2023 termination from Transdev. His Charge

was not filed until February 23, 2024—over a year later and only after his subsequent termination from RATP Dev USA LLC ("RATP Dev"). (ECF No. 1, ¶¶ 37, 41–42; ECF No. 27, pp. 2–3; ECF No. 21, Ex. A). Accordingly, any Title VII claims based on his employment with or termination from Transdev are time-barred under 42 U.S.C. § 2000e-5(e)(1).

Despite including allegations related to his Transdev employment in the Complaint, Plaintiff now expressly limits his claims to alleged ***post-employment*** conduct. (ECF No. 27, p.1.) The Court should therefore dismiss all claims arising from Plaintiff's time at, or termination from, Transdev.

### B. Title VII Does Not Support Discrimination Claims Based on Post-Employment Conduct.

Plaintiff's attempt to assert a Title VII discrimination claim based on alleged post-employment conduct is legally flawed. Title VII's anti-discrimination provisions apply only to actions that affect the terms and conditions of employment. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006) (the substantive anti-discrimination provision of Title VII is "limited to discriminatory actions that affect the terms and conditions of employment"); *Meadows v. Blue Ridge Cmty. Coll.*, 2020 WL 2761037, at *6 (W.D.N.C. 2020) (it is well-established that "discrimination claims may not be supported by acts of post-employment discrimination").

Plaintiff misreads *Gerner v. County of Chesterfield*, 674 F.3d 264 (4th Cir. 2012), which involved an alleged discriminatory severance offer made while the plaintiff was still employed. The Fourth Circuit explicitly found that the plaintiff in *Gerner* was an employee at the time she was offered the assertedly discriminatory severance package. *Id*. at 269. That case therefore does not support Plaintiff's argument that Title VII covers post-termination conduct.

Plaintiff also invokes the "Cat's Paw" theory, claiming Transdev used RATP Dev to carry out discriminatory acts. But this theory applies only within a single employer's chain of

command—not between unrelated corporate entities. *See E.E.O.C. v. BCI Coca-Cola Bottling Co.*, 450 F.3d 476, 482 (10th Cir. 2006) ("In the employment discrimination context, 'cat's paw' refers to a situation in which a biased subordinate, who lacks decision making power, uses the formal decisionmaker as a dupe in a deliberate scheme to trigger a discriminatory employment."). Plaintiff's attempt to stretch this theory to cover inter-company conduct is unsupported and unavailing.

Therefore, for these additional reasons, Transdev is entitled to the dismissal of Plaintiff's Title VII discrimination claim predicated on alleged post-employment conduct.

### C. Plaintiff's Post-Employment Retaliation Claim Also Fails.

Plaintiff argues Transdev engaged in post-employment retaliation by trying to get RATP Dev to terminate his employment. (ECF No. 27, p. 3 (citing ECF No. 1, ¶¶ 115, 125-26).) Plaintiff's reliance on *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997), is misplaced, as Plaintiff's claims against Transdev do not fall within the bounds of post-employment retaliation which the Supreme Court found in *Robinson* is prohibited by Title VII.

In *Robinson*, the employer allegedly gave a false negative reference in retaliation for a former employee filing an EEOC charge. *Robinson*, 519 U.S. at 339. The Supreme Court held that such post-employment retaliation fell within Title VII's protections. *Id*. at 346 ("exclusion of former employees from the protection of § 704(a) would undermine the effectiveness of Title VII by allowing the threat of post-employment retaliation to deter victims of discrimination from complaining to the EEOC....").

Here, however, Plaintiff does not allege that Transdev interfered with his ability to obtain employment. In fact, he was hired by RATP Dev after leaving Transdev. Instead, he claims

Transdev somehow caused RATP Dev to terminate him after he was hired by that company.[1]  In addition, unlike in *Robinson*, Plaintiff had not filed a charge against Transdev at the time of the alleged retaliatory conduct.  Thus, Plaintiff has failed to demonstrate any protected activity for which Transdev could have retaliated.

## III.    CONCLUSION

For the foregoing reasons, Transdev respectfully requests that the Court enter an Order:

A.    Granting its Motion to Stay pending resolution of Transdev's dispositive motion;

B.    Granting its Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment; and

C.    Dismissing all claims against Transdev with prejudice.

Respectfully submitted this the 20th day of October, 2025.

*/s/ Matthew Brown*
Matthew Brown, Bar No. 53001
mabrown@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone:   704.972.7000
Facsimile:    704.333.4005

*Attorneys for Defendant Transdev Services, Inc.*

---

[1] Plaintiff's theory again relies on the flawed "Cat's Paw" argument, which is inapplicable.  (*Supra* Section II.B.)

CLAYTON CHERRY,

       Plaintiff,

  v.

RATP DEV USA LLC AND TRANSDEV
SERVICES, INC.,

       Defendants.

Civil Action No. 5:25-cv-00276-FL

**WORD COUNT COMPLIANCE
CERTIFICATE**

I, Matthew S. Brown, certify that Defendant Transdev Services, Inc.'s Reply to Plaintiff's Brief in Opposition to Defendant's Motion for Judgement on the Pleadings or, in the Alternative, Motion for Summary Judgement, and Motion to Stay complies with the word limitation as prescribed by Local Rule 7.2(f)(3).  This brief does not exceed 2,800 words, exclusive of the caption, signature lines, certificate of service, any cover page or index, and this certificate.

/s/ Matthew Brown
Matthew Brown, Bar No. 53001
mabrown@littler.com
LITTLER MENDELSON, P.C.
620 South Tryon Street, Suite 950
Charlotte, North Carolina 28202
Telephone:   704.972.7000
Facsimile:    704.333.4005

*Attorneys for Defendant Transdev Services, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 20, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants in this case:

Evan Gungor
SPITZ, THE EMPLOYEE'S LAW FIRM
5540 Centerview Drive, Suite 200B
Raleigh, NC 27606
Telephone: (980) 332-4688
Facsimile: (216) 291-5744
Email: evan.gungor@spitzlawfirm.com

*Attorneys for Plaintiff*

Bill McMahon
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
One West 4th Street, Suite 850
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112
Email: bmcmahon@constangy.com

*Attorneys for Defendant RATP Dev USA LLC*

*/s/ Matthew S. Brown*
Matthew S. Brown, Bar No. 53001
mabrown@littler.com
LITTLER MENDELSON P.C.
620 South Tryon St, Suite 950
Charlotte, NC  28202
Telephone:   704.972.7000
Facsimile:   704.333.4005

*Attorneys for Defendant Transdev Services, Inc.*