IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-276-BO-KS

|  |  |  |
|---|---|---|
| CLAYTON CHERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| RATP Dev USA LLC and | ) | |
| TRANSDEV SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on a motion for judgment on the pleadings, or, in the alternative, a motion for summary judgment, filed by Transdev Services, Inc. ("Defendant Transdev") [DE 20]. Plaintiff has responded [DE 27], Defendant Transdev has replied [DE 28], and the motion is ripe for disposition. For the following reasons, the motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

On February 23, 2024, Plaintiff filed a verified charge of discrimination against Defendant Transdev with the Equal Employment Opportunity Commission ("EEOC") [DE 21-1]. The charge alleged that Defendant Transdev had racially discriminated and retaliated against Plaintiff. *Id.* On or about February 25, 2025, the EEOC issued a Notice of Right to Sue letter to Plaintiff [DE 1-2].

Plaintiff initiated this action against the two named defendants by filing the complaint on May 23, 2025 [DE 1]. Against both defendants, Plaintiff's complaint alleges claims of race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. *Id.* Plaintiff's complaint alleges the following facts.

Plaintiff is African American. *Id.* at 4. In approximately May of 2018, Plaintiff began working for Defendant Transdev, which contractually operated a section of the GoRaleigh system. *Id.* In or around December of 2022, Plaintiff reported to Defendant Transdev that he heard his supervisor Fulton Bryant use racial slurs. *Id.* Specifically, Plaintiff reported hearing Byrant say, "I can't stand that n*****" and "You can't trust n*****s like you when you say you didn't do too much [over the weekend]." *Id.* Bryant eventually became aware of Plaintiff's report. [DE 1] 4.

On or about February 2, 2023, Defendant Transdev terminated Plaintiff's employment for the pretextual reason of stealing company time. *Id.* Plaintiff insists that he did not steal time and that Bryant fabricated that reason. *Id.* at 5. Defendant Transdev hired a White employee to replace Plaintiff. *Id.*

Upon information and belief, Defendant Transdev's contractual obligations to the GoRaleigh System ended in or around April of 2023. *Id.* Upon information and belief, RATP Dev USA LLC ("Defendant RATP") became the new operator for the same section of the GoRaleigh system. *Id.* During the interim period, on or about June 26, 2023, Defendant RATP hired Plaintiff. [DE 1] 5.

Fulton Bryant, Plaintiff's ex-supervisor of Defendant Transdev, witnessed Plaintiff working during this "interim period." *Id.* at 6. Bryant contacted Defendant RATP's general manager and requested Plaintiff's termination. *Id.* (Neither Plaintiff's complaint nor his EEOC Charge provides the date of that request.) Defendant RATP removed some of Plaintiff's job responsibilities, including scheduling. *Id.* Because Defendant RATP did not terminate Plaintiff, Bryant asked an RATP employee named Catherine Worthum to "keep a close eye" on Plaintiff. *Id.* at 7.

2

On or about November 10, 2023, Worthum contacted Defendant RATP's general manager to report that Plaintiff had left work early without authorization. *Id.* The report was false; Plaintiff was at his desk during the relevant timeframe. [DE 1] 7–8.

On or about November 15, 2023, Plaintiff submitted a complaint of race discrimination and retaliation to Defendant RATP's general manager. *Id.* at 8. Specifically, Plaintiff alleged that Worthum's report was false—made for discriminatory and retaliatory reasons. *Id.* Plaintiff also complained that the general manager was isolating and avoiding Plaintiff after the report. *Id.*

About one week later, Plaintiff was placed on a performance improvement plan. *Id.* On or about November 27, 2023, Defendant RATP terminated Plaintiff's employment for the stated reason of policy violations. *Id.* This reason was pretextual.

Defendant Transdev filed an answer on July 15, 2025 [DE 11], and Defendant RATP filed an answer on July 23, 2025 [DE 12]. On September 17, 2025, Defendant Transdev filed the instant motion for judgment on the pleadings on the basis that Plaintiff failed to file his charge within the required 180-day period, rendering it untimely and necessitating dismissal [DE 20]. Plaintiff responded, clarifying the nature of the claims brought against Defendant Transdev. [DE 27]. Not disputing that the time for filing a charge regarding his termination from Transdev had elapsed, Plaintiff clarified that his claims against Defendant Transdev regard acts allegedly committed *after* his employment with Defendant Transdev. *Id.* Defendant replied, addressing the clarified charges. [DE 28].

## II. **LEGAL STANDARD**

Defendant Transdev seeks judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on plaintiff's claims of racial discrimination and retaliation.[1]

---

[1] Because the Court need not rely on evidence not otherwise appropriately considered under Fed. R. Civ. P. 12(c), *see Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (explaining when documents outside the

3

A Rule 12(c) motion is considered under the same standard as a Rule 12(b)(6) motion. *Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 433 (M.D.N.C. 2011). Accordingly, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, this standard does not permit a plaintiff to merely plead the elements of a cause of action alongside legal conclusions; the Court need not accept those as true. *Id.* at 555.

The primary distinction between Rules 12(b)(6) and 12(c) is that Rule 12(c) permits a court to consider a defendant's answer in addition to a plaintiff's complaint. *Mendenhall v. Hanesbrands, Inc.*, 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012). However, a defendant may not rely on allegations of fact as provided in the answer if they are contradictory to the facts presented in the complaint. *Id.* "A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). Judgment on the pleadings should be granted therefore only "where the moving party is clearly entitled to the judgment it seeks as a matter of law." *Med-Trans Corp. v. Benton*, 581 F. Supp. 2d 721, 728 (E.D.N.C. 2008).

## III. DISCUSSION

Defendant Transdev asserts that Plaintiff's claims against it are time-barred and unsupported by Title VII. The Court addresses those arguments in turn.

### A. Time-Barred

---

pleadings may be considered without converting motion to summary judgment), the Court considers defendant's motion solely under Fed. R. Civ. P. 12(c).

4

Defendant Transdev argues that Plaintiff cannot sue it for racial discrimination or retaliation if the acts upon which those claims are based occurred before or concurrently with his termination from Defendant Transdev, because Plaintiff's filing of his charge was untimely as to those acts. [DE 20].

A plaintiff alleging Title VII claims must file a charge of discrimination with the EEOC within 180 days after the adverse employment action at issue. *See* 42 U.S.C. § 2000e-5(e). Plaintiff's employment with Defendant Transdev was terminated on or about February 2, 2023. [DE 1] 4. However, Plaintiff did not file his charge until February 23, 2024—over one year after his termination. [DE 21-1]. Thus, insofar as Plaintiff has brought a claim regarding events that occurred prior to or concurrent with his termination from Transdev, those claims are time-barred.

However, in Plaintiff's Response, Plaintiff clarified the nature of the claims against Transdev. [DE 27] 1. That is, he attested he has in fact brought claims "based on the grounds that Defendant Transdev . . . engaged in *post*-employment discrimination and retaliation against [Plaintiff] . . . ." *Id.* at 1 (emphasis added). Specifically, Plaintiff contends that Defendant Transdev engaged in post-employment racial discrimination and retaliation through Plaintiff's former supervisor, who "ask[ed] RATP Dev to terminate [Plaintiff's] employment, and ha[d] [Catherine Worthum] fabricate false reports to get RATP Dev to terminate [Plaintiff's] employment." [DE 27] 6. As the complaint alleges, "[Defendant] Transdev caused [Defendant] RATP Dev to terminate [Plaintiff's] employment." [DE 1] 10.

### B. Post-employment Discrimination

Defendant Transdev argues Plaintiff's post-employment discrimination claim must be dismissed for two reasons. First, Title VII does not support claims for discrimination based solely

5

on post-employment actions. [DE 28] 1. Second, Plaintiff cannot rely on his asserted "Cat's Paw" theory. The Court agrees. *Id.* at 2–3.

While Title VII protects from post-employment retaliation, it does not protect from post-employment discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006) ("[T]he antiretaliation provision, *unlike the substantive provision*, is not limited to discriminatory actions that affect the terms and conditions of employment.") (emphasis added); *see also Meadows v. Blue Ridge Comm. Coll.*, 2020 WL 2761037, at *6 (W.D.N.C. May 5, 2020) (unpublished) ("[D]iscrimination claims may not be supported by acts of post-employment discrimination.") (citing *Bryant v. Covina-Valley Unified Sch. Dist.*, 2018 WL 6016924, at *3 (C.D. Cal. Jan. 10, 2018) (noting the Supreme Court has held Title VII's provisions are not applicable to post-employment discrimination actions)).

As a last-ditch effort, Plaintiff attempts to invoke the "cat's paw" theory. [DE 27] 6. The "cat's paw" theory "refers to a situation in which a biased subordinate, who lacks decisionmaking power, uses the formal decisionmaker as a dupe in a deliberate scheme to trigger a discriminatory employment action." *EEOC v. BCI Coca-Cola Bottling Co. of Los Angeles*, 450 F.3d 476, 484 (10th Cir. 2006) (citation omitted). "[I]n certain rare instances, the discriminatory animus of an employee can be imputed onto the employer to establish causation." *Barnhill v. Bondi*, 138 F.4th 123, 134 (4th Cir. 2025). "To satisfy the cat's paw theory at the motion to dismiss stage, a plaintiff must plead that a coworker harboring discriminatory animus toward [him] exercised authority over an adverse employment action that the plaintiff suffered such that the colleague should be viewed as the 'actual decisionmaker' principally responsible for the adverse action." *Id.*

However, in the instant case, Plaintiff does not plead that Defendant Transdev, or Plaintiff's ex-supervisor of Defendant Transdev, was a biased subordinate or an employee of

6

Defendant RATP. In fact, Defendant Transdev was not a subordinate to Defendant RATP. Upon information and belief, they were entirely different corporate entities. Thus, Plaintiff's invocation of the cat's paw theory is inappropriate.

In short, Plaintiff's claim of post-employment discrimination against Defendant Transdev is properly dismissed on the pleadings.

### C. Post-employment Retaliation

Defendant Transdev argues that Title VII does not support Plaintiff's claim of post-employment retaliation, and therefore, dismissal is proper. The Court disagrees.

Under Section 704(a) of Title VII of the Civil Rights Act of 1964, it is an unlawful employment practice

> for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3. To establish a prima facie case of retaliation, Plaintiff must show that (1) he engaged in a protected activity, (2) his employer took adverse employment action against him, and (3) a causal connection exists between the protected activity and the adverse employment action. *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 405–06 (4th Cir. 2005). The Supreme Court has clarified that Title VII can support a claim of retaliation based on post-employment actions. *Burlington*, 548 U.S. at 64.

Plaintiff contends that, because he filed a complaint regarding racial discrimination, Defendant Transdev engaged in post-employment retaliation when it took steps to effectuate Plaintiff's termination from his employment under Defendant RATP. [DE 1] 6–10; [DE 27]. Plaintiff relies on *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997).

7

In *Robinson*, a former employee sued his former employer for retaliation under Title VII. *Robinson*, 519 U.S. at 339. After his employer terminated him, the petitioner filed a charge with the EEOC. *Id.* While that charge was pending, the petitioner applied for a job with a new company, which contacted his former employer for a reference. *Id.* The petitioner alleged that the former employer provided false information and a poor reference in retaliation for the EEOC charge, and the petitioner filed suit under § 704(a) of Title VII. *Id.* at 339–40; *see also Robinson v. Shell Oil Co.*, 1995 WL 25831, at *1 (4th Cir. 1995) (unpublished).

To resolve the appeal, the Supreme Court addressed whether the term "employees" as used in § 704(a) includes former employees. *Id.* at 339. The Court found persuasive the EEOC's reasoning that "exclusion of former employees . . . would undermine the effectiveness of Title VII by allowing the threat of postemployment retaliation to deter victims of discrimination from complaining to the EEOC, and would provide a perverse incentive for employers to fire employees who might bring Title VII claims." *Id.* at 346. Thus, the Court held that § 704(a)'s protections cover former employees and reversed the Fourth Circuit's ruling, which had affirmed dismissal of the action for failure to state a claim. *Id.* at 339, 346.

Defendant Transdev argues that *Robinson* does not support Plaintiff's claim of post-employment retaliation because Plaintiff's claims against Defendant Transdev do not fall within the bounds of post-employment retaliation that the Supreme Court found is prohibited by Title VII in *Robinson*. [DE 28] 3. Defendant Transdev provides two reasons for this assertion.

First Defendant Transdev argues that, unlike Robinson, Plaintiff failed to demonstrate any protected activity. [DE 28] 4. Specifically, Defendant contends, Plaintiff had not filed a charge against his former employer at the time of the alleged retaliatory conduct. *Id.* However, a claimant of retaliatory discrimination need not have filed a charge of discrimination with the EEOC, so long

8

as he engaged in some other form of protected activity. *EEOC v. Navy Fed.*, 424 F.3d at 405–406. Under Title VII, an employee who "oppose[s] any practice made an unlawful employment practice by [Title VII]" has engaged in protected activity. 42 U.S.C.A. § 2000e–3(a). Opposition activity "encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998). Therefore, plaintiff properly pleaded protected activity regarding his report that his ex-supervisor from Transdev was using racial slurs. *See Shields v. Fed. Exp. Corp.*, 120 Fed. Appx. 956, 962 (2005) (citing *Alexander v. Gerhardt Enters., Inc.*, 40 F.3d 187, 195–96 (7th Cir. 1994) (concluding that it was protected activity for an employee to send company officials a memorandum reporting a supervisor's use of a single racial slur)).

Defendant secondly argues that Title VII does not support Plaintiff's claim because, unlike in *Robinson*, Plaintiff does not allege that Defendant Transdev interfered with his ability to obtain new employment. [DE 28] 3–4. The fact pattern Defendant Transdev references concerns the second element of a retaliation claim—that the plaintiff's employer (or former employer) "took an adverse employment action against [him]." *EEOC v. Navy Fed.*, 424 F.3d at 406.

The anti-retaliation provision of Title VII "is not limited to discriminatory actions that affect the terms and conditions of employment." *Burlington*, 548 U.S. at 64. Indeed, "[a]n employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm *outside* the workplace." *Id.* at 63 (emphasis in original). Prohibited actions include those that are harmful or injurious and likely to deter the reasonable employee from making or supporting a charge of discrimination. *Id.* at 67–68.

9

In *Robinson*, a former employer's false and poor reference in retaliation for having filed an EEOC charge sufficed to establish such an action. Here, Plaintiff alleges that his former employer—upon having noticed that Plaintiff had procured new employment—contacted his new employer to request Plaintiff's termination, and thereafter, instigated the filing of a false report against him. Allegedly, those actions caused a decrease in plaintiff's responsibilities and, eventually, Plaintiff's termination. The Court finds that such actions would likely deter the reasonable employee from availing himself of Title VII's protections. *Id.* Therefore, Plaintiff has properly pleaded that his former employer took adverse employment action against him.

In short, Defendant Transdev has failed to persuade the Court that Plaintiff's claim of post-employment retaliation should be dismissed on the pleadings.

## IV. CONCLUSION

For the reasons stated above, Defendant Transdev's motion for judgment on the pleadings [DE 20] is GRANTED IN PART and DENIED IN PART. Plaintiff's claims for discrimination and retaliation based on actions alleged to have occurred at or before his termination from Transdev are DISMISSED. Plaintiff's claims of post-employment discrimination against Transdev are also DISMISSED. Plaintiff's claim of post-employment retaliation against Transdev will proceed.

SO ORDERED, this _7_ day of July, 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

10